# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| HUMANITY CAPITAL, INC., <br> HUMANITY CAPITAL HOLDING <br> CORPORATION, and SCOTT GANN, <br> <br> *Plaintiffs,* <br> v. <br> <br> UNITED STATES OF AMERICA, <br> <br> *Defendant.* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 4:25-cv-1022 <br> Judge Mazzant |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Brief in Support of Emergency Application for Temporary Restraining Order (Dkt. #9) and Plaintiffs' First Amended Emergency Motion for Entry of Temporary Restraining Order (Dkt. #12) (the "Motions"). Having considered the Motions, the relevant pleadings, and the applicable law, the Court finds that the Motions should be **DENIED**.

### BACKGROUND

On September 17, 2025, the instant case, between Plaintiffs Humanity Capital, Inc., Humanity Capital Holding Corporation, and Scott Gann ("Plaintiffs") and the United States of America (the "Government"), was transferred from the Dallas Division of the Northern District of Texas to the Sherman Division of the Eastern District of Texas under 28 U.S.C. §§ 1404(a) and 1406(a) (Dkt. #5).

On November 7, 2025, Plaintiffs filed their Brief in Support of Emergency Application for Temporary Restraining Order (Dkt. #9). On November 26, 2025, Plaintiffs filed their First Amended Emergency Motion for Entry of Temporary Restraining Order (Dkt. #13). Both Motions

seemingly request the same relief; namely, that the Court enter an order enforcing a "stay as to any collection attempt by the Government" (Dkt. #9 at p. 5; Dkt. #12 at p. 8). The "collection attempt" at issue pertains to real property[1] that is the substance of a separate lawsuit—Civil Action No. 4:24-cv-277-ALM-AGD, *United States v. Scott Gann, et al*. In this separate case, the following occurred relevant to the instant lawsuit: (1) on June 12, 2025, the Court entered its Order granting the Government's Motion to Appoint Genna Skolnik as Receiver, and Requiring Scott Gann and any Occupants to Vacate the Property (*See* Case No. 4:24-cv-277-ALM-AGD, Dkt. #85); (2) on December 16, 2025, the Government filed an Emergency Motion for Scott Gan to Show Cause or be Held in Contempt for Recording of Lis Pendens[2] (*See* Case No. 4:24-cv-277-ALM-AGD, Dkt. #104); and (3) On December 17, 2025, the Court entered its Order granting the Government's Motion to Approve Sale of the Property (*See* Case No. 4:24-cv-277-ALM-AGD, Dkt. #108).

In the instant case, the Government responded to Plaintiffs' Motions (Dkt. #11; Dkt. #13). The Government argues the Motions in this case should be denied for the following reasons: (a) the Motions are an improper collateral attack on the separate lawsuit before the Court; (b) the Motions are barred by the Anti-Injunction Act; and (c) the Motions fail to establish the requirements to obtain a temporary restraining order under Rule 65 (Dkt. #11 at p. 8; Dkt. #13 at p. 9). The Government further argues that in addition to denying Plaintiffs' request for a temporary restraining order, the Court should also dismiss the entirety of Plaintiffs' claims against the

---

[1] The real property at issue, which is subject to federal tax liens, is located at 4803 Shady Knolls Drive, Parker, Texas 75002 ("the Property").

[2] In this emergency motion, the Government alleges that on November 21, 2025, Scott Gann filed a Notice of Lis Pendens, Instrument No. 2025000151695, in Collin County, Texas identifying a claim by him to the Property in *this* lawsuit, thereby creating a cloud on title to interfere with the Property's sale ordered in the *separate* lawsuit (*See* Case No. 4:24-cv-277-ALM-AGD, Dkt. #104 at p. 1; Dkt. #104-1).

Government with prejudice (Dkt. #11 at pp. 2–3; Dkt. #13 at pp. 2–3, 9). Plaintiffs did not respond to the Government's request to dismiss this case.

Plaintiffs' Motions are now ripe for adjudication.

## LEGAL STANDARD

Under Rule 65 of the Federal Rules of Civil Procedure, "[e]very order granting an injunction and every restraining order must: (a) state the reasons why it issued; (b) state its terms specifically; and describe in reasonable detail . . . the act or acts restrained or required." FED. R. CIV. P. 65(d). A plaintiff seeking a temporary restraining order must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat that plaintiff will suffer irreparable harm if the injunction is not granted; (3) the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) the injunction will not disserve the public interest. *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008).

## ANALYSIS

Through their Motions, Plaintiffs are challenging the Court's ruling in a separate civil action implicating the disposition of the Property and two of the same parties in this case: Scott Gann and the United States of America (*See* Case No. 4:24-cv-277-ALM-AGD). It is well-established law that a collateral attack may not take the place of a direct appeal. *U. S. v. Frady*, 456 U.S. 152, 165 (1982). In fact, Judge Karen Scholer, in transferring the instant case from the Northern District of Texas to the Eastern District of Texas, noted the following:

> Gann's lawsuit in this district is no more than a collateral attack on the proceedings in the Eastern District of Texas, and "[t]he proper remedy for [Gann's] complaint about the outcome of his prior lawsuit is the appellate process, not a new lawsuit." *Gabriel v. Head of Tex. Dep't of Crim. Just.*, No. H-06-921, 2006 WL 903717, at *1 (S.D. Tex. Apr. 6, 2006) (collecting cases); *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1392-93 (9th Cir. 1987) ("To allow a district court to grant injunctive relief

3

against . . . [another] district court . . . would be to permit, in effect, a 'horizontal appeal' from one district court to another . . . . Such collateral attacks on the judgments . . . of federal courts are improper." (footnote and citation omitted)).

Scott Gann is now involved in two separate proceedings that implicate the disposition of the Property. The Court has already approved the sale of such Property (*See* Case No. 4:24-cv-277-ALM-AGD, Dkt. #108). For the Court to now grant injunctive relief in this lawsuit that would impede the same Court's orders in another lawsuit would undermine the Plaintiffs' proper remedy—the appellate process. Because the Court finds Plaintiffs are asserting an improper collateral attack in this case against the Court's order entered in Civil Action No. 4:24-cv-277-ALM-AGD, *United States v. Scott Gann, et al.*, the requested temporary restraining order should be **DENIED**, and Plaintiffs' claims that constitute impermissible collateral attacks are **DISMISSED** with prejudice.[3]

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Brief in Support of Emergency Application for Temporary Restraining Order (Dkt. #9) and Plaintiffs' First Amended Emergency Motion for Entry of Temporary Restraining Order (Dkt. #12) are hereby **DENIED**.

It is further **ORDERED** that the entirety of Plaintiffs' claims against the Government are hereby **DISMISSED** with prejudice.

---

[3] By dismissing Plaintiffs' claims, the Court has effectively terminated Scott Gann's Notice of Lis Pendens, Instrument No. 2025000151695, filed in the real property records of Collin County, Texas. *See ASGR Prop. Holdings, LLC v. U.S. Bank N.A.*, No. CV SA-11-CA-750-FB, 2011 WL 13324010, at *6 (W.D. Tex. Dec. 20, 2011) ("Because the Court finds plaintiff's claims are without merit, it concludes plaintiff is not entitled to maintain its Notice of Lis Pendens."); *see also 377 Realty Partners, L.P. v. Taffarello*, No. 4:05-CV-199, 2007 WL 9723954, at *3 (E.D. Tex. Jan. 8, 2007) ("While the Texas Property Code gives no specific time at which a lis pendens terminates, it intimates that it should terminate when the court reaches a final judgment.").

4

It is further **ORDERED** that because the Court finds Plaintiffs' claims are without merit, Plaintiff Scott Gann is not entitled to maintain his Notice of Lis Pendens, Instrument No. 2025000151695, filed in the real property records of Collin County, Texas.

All relief not previously granted is hereby **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED.**

**SIGNED this 17th day of December, 2025.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE